EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106

MR 8741
Trial Attorney

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) CIVIL ACTION NO. |
| Plaintiff, | ) |
| v. | )<br>)<br>) |
| CAPITAL MANUFACTURING, a subsidiary of Capitol Sign Company, Inc. | )<br>) **COMPLAINT**<br>) **JURY TRIAL DEMAND**<br>) |

### NATURE OF ACTION

This is an action under the Age Discrimination in Employment Act of 1967 to correct unlawful employment practices on the basis of age and to provide appropriate relief to Howard A. Levy who was aggrieved by those unlawful practices. As alleged with greater particularity in paragraph 7 below, the Commission alleges that Defendant terminated the employment of Mr. Levy from his position as a Project Manager because of his age, then 79, and retained the services of younger employees. As a result of the discriminatory practices, Mr. Levy suffered back pay, front pay, and liquidated damages.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"),

which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FSLA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission, (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.  At all relevant times, Defendant, Capital Manufacturing (the "Employer"), has continuously been doing business in the State of Pennsylvania and the city of Lansdale, and has continuously had at least 20 employees.

5.  At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the of the ADEA, 29 U.S.C. § 630(b), (g) and (h).

## CONCILIATION

6.  Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

2

## STATEMENT OF CLAIMS

7.  Since at least March 9, 2005, Defendant Employer has engaged in unlawful employment practices at its facilities in Lansdale, Pennsylvania, in violation of § 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1) as follows:

(a)  Howard A. Levy was born on December 21, 1925. Mr. Levy began working for Defendant on March 22, 2000 as a part-time Project Manager. Mr. Levy was hired by Defendant's then Executive Vice President and Owner Donald Sowers (age 50).

(b)  On or about early 2004, Executive Vice President and Owner Donald Sowers left the Company and new President Michael Delano (age 45) was hired.

(c)  Mr. Levy was commended for his performance by Delano and by his supervisor, Michael Keavy. Supervisor Keavy told Mr. Levy that the company got "the biggest bang for the buck" in terms of his productivity.

(d)  Mr. Levy was never counseled or disciplined in any way for his performance on the job. At all relevant times, Mr. Levy had satisfactory performance.

(e)  On March 9, 2005, Mr. Levy was called into Delano's office and was told by Delano that he was being terminated because he did not have enough "vim and vigor" for the job.

(f)  Although Defendant claims Mr. Levy was terminated due to a significance reduction in force, he was the only individual terminated at the time.

(g)  While Defendant claims that after his termination, Mr. Levy's duties were distributed among other Project Managers. However, Defendant hired a significantly younger individual two months after Levy's termination as a Project Manager.

3

8.      The effect of the practices complained of in paragraph 7(a) through (g) above has been to deprive Howard A. Levy of equal employment opportunities and otherwise adversely affect his status as an employee because of his age.

9.      The unlawful employment practices complained of in Paragraphs 7(a) through (g) above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates against individuals 40 years of age and older, including but not limited to unlawful discharge.

B.      Order the Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals age 40 and older, and which eradicate the effects of its past and present unlawful employment practices.

C.      Grant a judgment requiring Defendant Employer to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Howard A. Levy.

D.      Order Defendant Department to make whole Howard A. Levy, who was adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to, the reemployment of Howard A. Levy, or front pay in lieu thereof, if reemployment is not feasible.

E.      Grant such further relief as the Court deems necessary and proper in the public interest.

F.  Award the Commission its costs in this action.

5

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, NW
Washington DC 20507

*Jacqueline H. McNair (JMB)*
JACQUELINE H. McNAIR
Regional Attorney

*Judith A. O'Boyle*
JUDITH A. O'BOYLE
Supervisory Trial Attorney

*Marisol Ramos*
MARISOL RAMOS
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Philadelphia District Office
The Bourse Building
21 S. 5th Street, Suite 400
Philadelphia PA 19106
Telephone: (215) 440-2619